R. GUY COLE, JR., J., Concurring.
At the sentencing hearing held on May 5, 2005, Sanford’s counsel, M. Dianne Smothers, argued that Sanford suffered from “lifelong ... long-term chronic debilitating depression ...” and that “[h]e’s been diagnosed with psychotic disorders, schizoeffective disorders, antipersonality and just a chronic, ongoing severe clinical depression.” Smothers also noted that Sanford was on full Social Security disability for his mental and emotional impairments. Smothers further noted that Sanford’s myriad mental and emotional problems were the primary cause of his past criminal conduct and the conduct for which he was about to be sentenced.
As a result of Sanford’s longstanding medical problems, Smothers argued for a lower range under the Sentencing Guidelines and for Sanford’s commitment to an institution where he could receive the treatment, medication and counseling necessary to address fully his mental health problems. Smothers argued that the “critical factor” in any sentence was the ability of Sanford to receive such treatment.
Taking into account Sanford’s mental health history, the district court first properly calculated the advisory Guideline range as 92 to 115 months. As we noted in McBride, 434 F.3d at 476, once the appropriate advisory Guideline range is calculated, the district court “throws this ingredient into the section 3553(a) mix.” *618 Considering all of the relevant section 3558(a) factors, including the Guideline range, the district court then imposes a sentence. It is this sentence that we review for reasonableness. See United States v. Webb, 403 F.3d 373, 383-85 (6th Cir.2005).
Sanford argues that his sentence is unreasonable because the district court did not consider all the factors set forth in section 3553(a) in fashioning a sentence. The record, however, reflects that the district court expressly considered each of the pertinent factors set forth in section 3553(a), even though the court did not make specific reference to the statute itself. The court considered the nature and circumstances of the offense and the history and characteristics of the defendant, as required by section 3553(a)(1), in remarking to Sanford that he had a “serious mental health history” and that “[w]e could have been here for funeral services for either you or one of those officers [at whom he fired a gun] ...” As the majority notes, the court also addressed section 3553(a)(2)(A) and (D), and section 3553(a)(3), in ordering that Sanford be sent to a medical facility for evaluation, suggesting that he “take advantage of the treatment programs that are available to you in prison ...” and remarking that he or others could have died in the confrontation he had with the police. The district court also considered the factors set forth in section 3553(a)(4) as it determined the appropriate Guideline range for Sanford and the need for medical attention for his mental and emotional problems. Moreover, the court noted that Sanford had no ability to pay a fine, “so the fine is waived.”
Sanford has failed to identify any sentencing factor that was not addressed by the district court. Although the explicit mention of the section 3553(a) factors facilitates our review, there is no evidence that the district court acted arbitrarily, failed to consider the pertinent statutory factors, or gave impermissible weight to any one factor. In fact, the record is clear that the district court reviewed Sanford’s criminal history thoroughly, weighed other information about his background, and considered the factors set forth in section 3353(a) before reaching a sentence at the bottom of the Guidelines range.
Although Smothers sought less imprisonment and imprisonment in a facility that could specifically address Sanford’s medical needs, the district court clearly took this argument into consideration and imposed a sentence which, in my view, satisfies the reasonableness requirement mandated by Booker.
For these reasons, I concur.